David CARPENTER, Plaintiff–
Appellee,

v.

TYLER INDEPENDENT SCHOOL
DISTRICT, Defendant–
Appellant.

No. 06–40996
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 12, 2007.

William S. Hommel, Jr., Hommel &
Starr, Tyler, TX, Plaintiff–Appellee.

John C. Hardy, Hardy & Atherton, Tyler, TX, Defendant–Appellant.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

The district court did not abuse its discretion in awarding Carpenter front-pay damages, even though the court declined to award back-pay damages because of Carpenter's failure to mitigate those back-pay damages. *See Giles v. General*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Electric Co.,* 245 F.3d 474, 489–90 (5th Cir.2001); *DeLoach v. Delchamps, Inc.,* 897 F.2d 815, 822–23 (5th Cir.1990). And, given its broad equitable powers in USER-RA cases, 38 U.S.C. § 4323(e); *Coffy v. Republic Steel Corp.,* 447 U.S. 191, 196, 100 S.Ct. 2100, 65 L.Ed.2d 53 (1980), the district did not abuse its discretion in awarding one year's salary without considering Carpenter's prospective $7-per-hour future income. Consequently, the court did not err in awarding Carpenter attorneys' fees. 38 U.S.C. § 4323(h)(2); *Buckhannon Bd. and Care Home, Inc. v. West Va. Dep't of Health & Human Resources,* 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In his brief, Carpenter attempts to cross-appeal the district court's upholding the jury's finding of no damages, but Carpenter never filed a notice of appeal, hence we cannot entertain his argument. FED. R.APP. P. 4(a)(3); *see, e.g., Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 365 n. 5 (5th Cir.2004).

AFFIRMED.